UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JEFFERY JOHNSON                                                    PETITIONER

V.                                          CIVIL ACTION NO.1:06CV217-SA-JAD

JERRY PARKER, et al                                              RESPONDENTS

## REPORT AND RECOMMENDATION

On May 6, 2004, Jeffery Johnson was convicted of possession of cocaine and sentenced to fifteen years with five years of post release supervision and fined two thousand dollars. He complains that he received ineffective assistance of counsel. His allegation is divided into 22 subgrounds.

## LIMITATIONS ON REVIEW

Because there is no question that Johnson has fully complied with all procedural requirements of Mississippi and federal habeas law, this court must consider each of his stated claims on the merits. This court's power to upset the judgments of the state courts in a criminal matter is appropriately very limited. The federal courts address only issues affecting substantial federal constitutional rights. The federal courts do not function as super-appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. [1]

---

[1] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 465 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). The AEDPA presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[2] This petitioner's claims have been reviewed in light of the AEDPA's limitations.

## SUMMARY OF THE RECORD

Johnson was indicted for possession of cocaine. His sentence was enhanced when his indictment was amended to include an allegation that this was a second or subsequent drug offense pursuant to § 41-29-139 Miss. Code Ann. At trial and on appeal he was represented by court appointed counsel.

On the morning of trial Johnson's attorney filed a motion for continuance asserting that Larry Hubbard and Robert Ashford were witnesses to what happened and would dispute the police version

_____

[2] 28 U.S.C. § 2254(e)(1).

of the events leading to Johnson's arrest. Both were said to be outside of the state. The motion also asserted that his attorney had not been able to meet with Johnson until the day before trial due to preparations for a capital murder trial. The trial judge found there was no proof that the witnesses existed, could be located or that they would testify in favor of the defendant. He therefore denied a continuance. He noted that Johnson's case was not complicated.

Trial testimony showed that on August 11, 2003, Starkville police officer Shawn Word stopped the vehicle Johnson was riding in at one o'clock in the morning. He knew the driver, Hubbard, and that he did not have a drivers license. Johnson, who was also known to Officer Word, exited the vehicle. He spoke with Word and emptied his pockets at the officer's request. Word spotted a small plastic bag with a white rock-like substance in it in Johnson's palm. At this point a second officer called to back up Word arrived. Johnson took off running causing the arriving officer and Word to fall. Word got back up to pursue Johnson. As he and the officer rounded a corner near a car wash, Word watched Johnson throw the plastic bag. Word saw it land a few feet in front of a dumpster. Word said the area was well lighted. Johnson ran a short distance further before surrendering to Word, telling Word that there was a warrant for his arrest. Word picked up the plastic bag from where he had seen it land. Yet another officer arriving at the scene witnessed Word go directly to the dumpster and pick up the bag. Crime lab analysis proved that the contents of the bag was a rock of crack cocaine.

Hubbard, one of the witnesses mentioned in connection with the motion for a continuance, appeared at the trial. Hubbard placed the dumpster in a different location and had Word far enough behind Johnson to have lost sight of him. He also testified that Word wandered around the scene searching in bushes after the arrest. He said the area was poorly lighted. He admitted that Johnson

had been out of his sight and that he could not say whether or not Johnson had thrown anything from his hand.

The defense also called Terry Minor. Minor contradicted Word saying that he also had been on the scene in the car wash. Like Hubbard he put a bigger time gap between Word falling and getting up, putting more distance between Johnson and the officer during the chase. He did not see Johnson throw anything, but admitted that he could not see Johnson after he rounded the corner. In the prosecution's closing argument the prosecutor argued that the testimony of the police officers was accurate. He said, "You know who else knows it didn't happen? You know who else knows the police officers didn't make this story up? That defendant right there knows that it happened just the way they said it did...." R. p. 281. Johnson's counsel objected immediately. The objection was sustained, but the Johnson's motion for a mistrial was denied.

The jury convicted Johnson and at a separate sentencing hearing the indictment was amended to include trigger the enhanced punishment and his earlier conviction introduced into evidence. Johnson's fifteen year sentence is less than a third of the 48 year maximum available for his offense.

On appeal his court appointed attorney raised only the issue of failing to grant the mistrial based on the prosecutor's comments. The prosecutor's argument was attacked as an impermissible comment on Johnson's failure to testify. The Mississippi Court of Appeals affirmed the conviction. The court held that the remark, taken in context, addressed the weight and sufficiency of the state's evidence, rather than commenting on Johnson's failure to testify. The jury was properly instructed by the trial judge that argument was not evidence in the case. Under the circumstances denial of the motion for mistrial was not an abuse of discretion because the remark did not create unjust prejudice. The motion for reconsideration with the Mississippi Court of Appeals, filed by appointed counsel

was denied because it was not timely filed. Because of the default on the motion for reconsideration, the petition for writ of certiorari was denied. The Mississippi Supreme Court denied the motion for post conviction relief.

<u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Johnson's sole ground for seeking habeas relief is based upon his assertion that he received ineffective assistance of counsel at trial and on direct appeal. His complaints are divided into twenty-two subparts.

To establish ineffective assistance of counsel at the state court level, Johnson must show, " (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689,104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Conclusory allegations will not support a finding of constitutionally deficient assistance of counsel, *Collier v. Cockrell*, 300 F. 3d 577, 587 (5th Cir. 2002). If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different" *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997), or that counsel's performance renders the result

of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott,* 62 F.3d 673, 685 (5th Cir. 1995). The petitioner must not just allege prejudice, but must affirmatively prove prejudice. *Bonvillain v. Blackburn*, 780 F. 2d 1248, 1253 (5th Cir. 1986).

Johnson failed to convince the Mississippi Supreme Court that he had established his claim. Because this claim has already been rejected by the highest court in the State of Mississippi, his burden is even more difficult before the court. He must not merely show that he suffered ineffective assistance of counsel but must convince this court that the Mississippi Supreme Court's decision to the contrary, was not merely erroneous, but unreasonable.

Johnson's complaints can be grouped as complaints about his attorney' pretrial handling of the case, the handling of the trial itself, and the handling of the appeal.

GROUP ONE-PRETRIAL HANDLING OF THE CASE

Johnson offers nine complaints about the pretrial handling of his case. These complaints can be further divided into three types of complaints. The first group of complaints is that the attorney failed to properly prepare the case by obtaining discovery, doing an investigation and interviewing Johnson and his witnesses. The second group of complaints amounts to an accusation that counsel failed to communicate with and keep the petitioner informed. The final claim in this group is that his attorney was inadequate in failing to attempt to negotiate or "offer" a plea agreement. Each of these groups of complaints is addressed below.

1. Pretrial investigation and discovery-Grounds b, c, j and k

There are four sections that address alleged deficiencies in the conduct of pretrial discovery and investigation.

In ground (b) Johnson alleges his attorney failed "to perform pretrial investigation." This allegation is conclusory. It does not address what investigation was done, what investigation should have been done nor suggest any witnesses or evidence which would have been relevant and exculpatory if additional investigation had been performed. Additionally because this case is a factually simple one, it appears unlikely that any additional investigation would have been fruitful. Two law enforcement officers and two lay witnesses were on the scene when Johnson ran and when he threw the cocaine rock. Three of these witnesses testified regarding what they witnessed. Beyond doubt and according to the testimony of every witness, the remaining officer who did not testify could not have witnessed the petitioner throwing the crack cocaine away, as Officer Word testified. He had been knocked down and injured. The two lay witnesses testified that they did not see Johnson throw away the crack cocaine. They could not see Johnson or Word where Word said Johnson threw away the cocaine. The only two people who could have witnessed what happened as Johnson ran around the building are Johnson and Word. On these facts it seems apparent that there are no other witnesses or evidence to have been gleaned that would have made a difference in the outcome. Johnson's conclusory allegations fail to make the required showing under *Strickland*. This claim fails.

In ground (c) Johnson claims his counsel failed "to establish facts or investigate and prepare for trial by securing discovery or conferring with the defendant regarding the defense to be raised."

This claim is largely a repetition of the conclusory allegation contained in (b) regarding the alleged failure to investigate and fails for the same reasons. It adds an allegation that counsel failed to obtain discovery. The trial transcript shows that Johnson's attorney requested and obtained pretrial discovery the day before trial. In another type of case this might constitute constitutionally

deficient performance by counsel and might lead to prejudice. This is not such a case. Counsel's performance at trial was competent though ultimately unsuccessful. The theory of defense was that Word could not have seen what he claimed to have seen.

Defense counsel cross examined Word at length in an attempt to discredit his testimony that he saw a bag with a rock in Johnson's hand. Word testified the lighting was good. Defense counsel through lay witnesses brought out that the lighting in the area was poor. Word claimed to have jumped up and immediately pursued Johnson as he fled and to have witnessed him throwing the rock. Both of the lay witnesses cast doubt on Word's testimony by putting him down on the ground for a longer period of time and therefore putting him further behind Johnson than Word's testimony tended to indicate. Word testified that he saw where the cocaine landed and went straight to it. One of the witnesses contradicted Word by testifying that he saw Word looking around in the bushes after the arrest. Johnson also complains that his lawyer failed to meet with him to discuss the defenses to be raised. Johnson does not suggest any other defense that his attorney could have but failed to raise. Johnson has not shown ineffectiveness by his attorney or prejudice under these allegations.

Ground (j) asserts again that Johnson's counsel failed "to secure discovery from the prosecution in this case." This is a repetition of sub-ground (c) and fails for the reasons set forth above.

Ground (k) claims Johnson's counsel "[n]ever investigated the case properly where counsel did not conduct an investigation of the crime scene or any other." While this allegation is a little more specific regarding the failure alleged, the record does not support Johnson's claim. Nothing in the trial transcript hints that trial counsel was unfamiliar with the scene. Johnson offers no hint

as to how any failure to personally investigate the scene impacted on his lawyer's performance or the outcome of the case. Johnson does not establish either prong under *Strickland* on this claim.

2. Failure to communicate-Grounds g, s, u and v

Four of Johnson's complaints address the alleged lack of communication between client and attorney. These complaints are listed below.

> g. Admitted that the petitioner Johnson was incarcerated in the County Jail since January 12, 2004 and still failed to interview or notify the petitioner Johnson about trial because counsel thought he would be going to trial in another client's case on a capital murder charge.
> s. Failed to contact petitioner Johnson prior to trial after Petitioner Johnson had been trying to contact counsel by phone (October-December 2003), by leaving messages, but counsel never returned a call.
> u. That witness who testified in behalf of petitioner wasn't aware of trial and had to be contacted by petitioner's family and friends over the phone while the trial had already begun.
> v. Petitioner wasn't aware of trial the day before the trial and wasn't able to contact witness in such short period of time

While a failure to communicate with a client may be a symptom or cause of ineffective assistance of counsel, without any allegation of prejudice, much less the required proof of prejudice, this group of allegations necessarily fail. Habeas corpus exists to remedy serious deprivations of constitutional rights, not displeasure that counsel was not as attentive and communicative as his client desired. These allegations fail to establish either prong under *Strickland*.

3. Failure to plea bargain-Ground q

Johnson alleged in his petition that his attorney failed to make any attempt to obtain a plea agreement on his behalf. Because there was no state court record regarding plea bargaining. The undersigned set the matter for an evidentiary hearing and appointed counsel for the petitioner.

Johnson testified at the hearing that he had no conversations with his attorney, Pearson Liddell, regarding any plea bargain or possibility of entering a plea. Johnson has a prior felony record for possession of cocaine dating back to 1997. In that case he was initially charged with possession with intent to deliver but pled to the lesser charge and was sentenced to two years. He served 16 or 17 months on the first felony.

When arrested for the second cocaine possession charge, Johnson was out on bond on a Lowndes County charge of aggravated assault that had been pending for about three years. When indicted, Johnson was returned to and remained in jail pending his trial. Johnson claims his attorney never discussed entering a plea with him and never discussed the minimum and maximum time he could receive on the charge. Johnson admitted that he had not requested that his attorney attempt to negotiate a plea.

Pearson Liddell, a public defender in Oktibbeha County, was appointed to represent Johnson. Liddell had represented Johnson on the earlier drug charge and was retained by Johnson at some point to represent him on the Lowndes County charge. Liddell testified that because of Johnson's prior felony drug conviction, the maximum charge doubled. For being in possession of more than ten and less than thirty grams of cocaine, Johnson could be sentenced between six years and 48 years.

Liddell testified that he attempted to negotiate a plea for Johnson. He testified that Frank Clark, the assistant district attorney, was intent on either trying the possession charge, or entering a plea that would dispose of the possession charge and the aggravated assault charge at the same time. Clark offered 24 years to dispose of both charges. The negotiations at some point deteriorated into a shouting match between counsel, leading the district attorney to intervene to calm the

situation.  Liddell testified that the plea offer was relayed to Johnson.  On his advice Johnson rejected the offer and proceeded to trial.  Though the fifteen year sentence was substantially less than Clark had offered, Liddell testified that Clark was apparently satisfied.  The result was his agreement  to Johnson pleading to a misdemeanor simple assault and a six month sentence to run concurrent with the fifteen year sentence.  Liddell testified that if Clark had been unhappy with the Oktibbeha County sentence he would have forced Johnson to trial on the aggravated assault charge.

Liddell was not sure whether he had discussed the possibility of an open plea with his client. It would have been his normal practice to discuss an open plea, but admitted that he had no specific recollection of whether this option was discussed with Johnson.  He admitted that an open plea may yield a lower sentence than can be obtained after a trial, but Liddell saw the pending aggravated assault charge as a complicating factor on an open plea.  Liddell stood by his earlier advice that Johnson was better off taking his chances at trial.

Frank Clark who prosecuted Johnson also testified.  Clark remembered having plea discussions on the case and that the discussions became uncharacteristically heated between the attorneys.  Because there were witness statements favorable to Johnson on the aggravated assault charge and it was therefore the weaker of the two cases, Clark was determined to link the two cases and dispose of both by plea, or try the stronger possession charge.  He did not remember the exact offer he made, but credited the 24 year offer as being in line with his thinking at the time.  Clark testified that Johnson, whose nick name is Bullet, has a history of running from law enforcement and fighting with them.  Because of the strength of the case and what law enforcement had to say about Johnson, Clark was not willing in his words  to show Johnson any "mercy and grace."  Clark, like

Liddell, mentioned that the twelve grams of cocaine was a significant amount of crack cocaine for Oktibbeha County. Clark thought the amount would have supported a charge of possession with intent to deliver.

Clark's testified that the aggravated assault charge grew out of a fight at the "Cross Roads." Clark testified that this bar area is the site of frequent fights. Generally there are no witnesses to these fights as the patrons usually tell law enforcement they saw nothing. Therefore Johnson having witnesses giving him favorable statements was unusual. Clark nonetheless thought the aggravated assault case was winnable because of the proof of Johnson's motive to attack the victim. The victim had worked undercover in making a drug buy from Johnson. Clark was adamant that if the Oktibbeha County sentence was not sufficiently harsh, he would have been willing to take a chance on losing the Lowndes County charge at trial. He would never have agreed to let Johnson plead to the misdemeanor charge, but for his satisfaction with the sentence Johnson had already received.

The undersigned finds that the testimony of Johnson's counsel the more credible testimony and finds as a matter of fact that plea negotiations were undertaken on Johnson's behalf; the plea bargain offer communicated to Johnson and rejected by him on advice of counsel. The undersigned finds that the actions of counsel are within the broad range of professionally reasonable legal services. Liddell's actions do not amount to ineffective assistance of counsel. Moreover, there is no prejudice to Johnson. His lawyer advised him to reject the offer and the ultimate result was a sentence substantially lower than that offered in the plea deal.

The question of whether there was discussion of the possibility of an open plea, or whether Johnson was aware of this option is less clear. But the first question to be answered is whether this issue is presented by Johnson's petition. Even with liberal construction, Johnson's allegations do

not encompass a claim for failure to advise Johnson to enter an open plea. The complaint verbatim is "Failed attempt to negotiate or offered the petitioner Johnson a plea agreement." Liberal construction is neither a license nor a mandate to make arguments on behalf of a petitioner that he has failed to make for himself.[3] His state post-conviction petition also fails to raise the issue of any possible open plea.[4] This court cannot consider this a claim because of Johnson's failure to exhaust his state remedies.

Because the proof presented does not convince the court that Johnson was not properly advised on this point, the undersigned finds that Johnson has failed to meet his burden of proof on the question of whether an open plea was discussed. Additionally the petitioner has not proved any resulting prejudice to him if an open plea was not discussed. The testimony of Frank Clark was unequivocal that he was adamant about obtaining a substantial sentence against Johnson one way or the other. The proof offered supports nothing more than speculation or conjecture about whether Johnson's sentence overall would have been lesser or greater than that actually imposed if an open plea had been pursued.

The undersigned recommends that the petition be denied on this ground.

---

[3] *United States v. Hartshorn,* 2007 WL 4146699 (S.D.Tex. Nov. 19, 2007)(" *Pro se* pleadings are reviewed under a less stringent standard that those drafted by attorneys and are entitled to a liberal constructions that includes all reasonable inferences which can be drawn from them. (citing *Haines v. Kerner* ). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims." *Id.* at *4); *Johnson v. Quarterman,* 479 F.3d 358 (5th Cir.2007) *(Pro se* briefs are entitled to liberal construction, but even *pro se* litigants must brief arguments in order to preserve them.

[4] The state motion for post conviction relief states " Never attempted to negotiate or offer petitioner Johnson a plea agreement." R. Miscellaneous Pleadings.

Johnson's petition includes eight allegations of ineffective assistance of counsel in the handling of the trial.

## 1. Failure to Call Witnesses-Ground a and h

In this ground Johnson asserts his counsel "[f]ailed to summon adequate witnesses." and in Ground (h) Johnson asserts his attorney "[w]as fully aware, from information provided to him by petitioner Johnson, that Johnson had other witnesses, other than the ones who testified during the trial, which would testify but failed to notify such witnesses of trial date and failed to interview witnesses before trial."

The Fifth Circuit has consistently held that "'complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative.'" *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5 Cir. 1983)(quoting *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)). *See also Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Washington v. Watkins*, 655 F.2d 1346, 1363-1364 (5th Cir. 1981). "Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution.'" *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001)(quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)(citations omitted).

In Johnson's case we do not even have the petitioner's allegations regarding testimony to be obtained from the witnesses his lawyer failed to call. Johnson does not identify a single witness nor provide a single line regarding what relevant knowledge any witness possessed. Grounds (a) and (h) are without merit. Additionally the trial testimony developed indicates that the only witness not

called at trial was the police officer Johnson knocked down and injured when he took flight. The testimony of every other witness confirms that this witness was down on the ground and could not have witnessed Johnson's actions at the point where Word said he threw the crack cocaine.

## 2. Evidence of Earlier Offense-Ground d

Johnson alleges his attorney, "[o]pened the door, during trial, for prosecution to introduce prejudicial evidence of prior possession charge which evidence was presented to the jury and enhanced petitioner's chances of being found guilty of the possession charge in this case." Johnson does not point out either the witness nor the objectionable testimony. Neither the respondents nor the court should be obliged to comb through the record seeking factual support for a conclusory allegation. While the courts are obliged to liberally construe *pro se* petitions, *Haines,* 404 U.S. 519, it is not obliged to make arguments for the petitioner that he has failed to make. Having made only a conclusory allegation this ground should be denied.

Alternatively the respondents suggest that Ground (d) could be referring to the cross examination of Word regarding Johnson having a criminal history. Johnson's explanation for running from police officers was that he knew there was an arrest warrant out for him for failure to pay some old fines. In order to corroborate Johnson's statement to Word at the scene, his attorney elicited testimony from Word that Johnson had, had some problems with unpaid fines in the past. This was a tactical decision on the part of counsel, and given the need to explain Johnson's running from the police, a reasonable tactic. There is no deficient conduct by counsel in this regard.

Johnson could also be referring to the examination of defense witness Hubbard. Johnson's attorney asked Hubbard what happened after he pulled over and stopped his car. Hubbard volunteered the following. " Me and him [Officer Word] was talking. He asked me who I had in the

car with me. I said Jeffrey Johnson. He said, you know Jeffrey Johnson is a known drug dealer."
Hubbard then said he didn't know any such thing and that the two were drinking beer. R. vol. 3 p.
190. If this is the testimony Johnson is referring to in this ground, it is apparent that the question
put to the witness was innocuous, not deficient.

The only reference the court found to his prior possession charge was at the separate
sentencing hearing after the conclusion of the trial. It was properly introduced into evidence to
support the subsequent offender amendment to the indictment. Neither of these episodes qualify as
ineffective assistance of counsel.

Johnson has not shown that he is entitled to relief on this ground.

### 3. Untimely continuance motion-Ground e

Johnson faults his attorney for not seeking a continuance until the day of trial. The allegation
in ground (e) is that the attorney, "[d]id not request a timely continuance in the case within the time
to prepare for trial but waited until the morning of trial to request a continuance which was denied
by trial court." The trial judge noted the motion for continuance was late, but also that the case was
factually simple. There is little reason to believe that with such a simple case, the trial judge would
have been inclined to grant an earlier continuance. The record does not support a finding of
deficiency on the part of counsel, nor is there any showing of prejudice to the Johnson from the
timing of the request for continuance.

### 4. Failure to present evidence-Ground i

Johnson in this ground faults his attorney for "[f]ailing to present, on cross examination, that
Petitioner Johnson had a receipt showing that he did in fact have outstanding warrant for non-
payment of fines which he had to pay in the amount of $ 500.00 before petitioner Johnson could post

bond on the possession charge."  While a receipt showing there was in fact an outstanding warrant would have been relevant information for the jury's consideration, it is not the type of evidence which was likely to impact the jury's verdict.  Word in cross examination conceded that Johnson had problems with unpaid fines, lending credence to Johnson's explanation to his flight.  Nor was such a receipt likely to be admissible through the cross examination of any witness.  Finally there is no proof in the record outside of Johnson's assertion that such a receipt or warrant in fact existed. Without independent proof supporting Johnson's claim, this court cannot find that such a receipt or warrant in fact existed or was available to counsel.  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition ... to be of probative evidentiary value.").  Johnson is not entitled to relief on this ground.

5.  Failure to Ask Specific Questions-Grounds l, m, p and t

Johnson complains that his attorney failed to ask a number of questions of prosecution and defense witnesses.  Johnson claims to have made specific requests to his attorney that each of the questions be put to the witnesses.

Johnson has two complaints about the cross examination of the primary prosecution witness. In section (l) his lawyer is faulted for failing" to question Officer Shaun Word in regards to fingerprints where petitioner specifically advised defense counsel to do so."  In ground (m) he quarrels with the failure of his counsel "to question Officer Word, on cross examination of Officer Shaun Word, regarding whether Officer Word had to apply restrainant[sic] in removing petitioner Johnson from an apartment in Brookville Garden complex, as stated in Officer Word's arrest report

of petitioner Johnson, for non-payment of fines.  Petitioner Johnson once again promptly asked counsel to do so."

The failure to pursue these lines of questioning is a matter of tactical choice.  In the first instance counsel argued the failure to have fingerprint evidence to the jury in closing argument.  Giving the state an opportunity to explain the absence of fingerprint proof did not serve Johnson's interest.  Reserving this point for argument was a reasonable decision.

Johnson's complaint in ground (m) is nonsensical.  Word admitted that Johnson had a history of unpaid fines.  It would not be advisable for an attorney to get into the circumstances of an arrest in an unrelated case reflecting Johnson's apparent act of resisting arrest.  Effective attorneys must refuse to ask questions that are far more damaging than helpful, even in the face of a client's demand.  Neither of these grounds has merit.

Johnson complains in subsection (p) that his attorney "[f]ailed to ask, while examining defense witness Terry Minor, his occupation and previous occupation, which would have revealed that the witness is a retired fireman of the city of Starkville, Mississippi which would have enhanced his credibility as a witness.  Once again, petitioner Johnson had promptly asked counsel to do so."

There is no merit to this claim.  Larry Hubbard testified that Minor used to be with the fire department.  It is neither ineffective assistance of counsel to fail to get this information repeated by Minor, nor is there any conceivable prejudice from the omission of this information during Minor's direct examination.

Johnson's final complaint regarding the handling of the trial is in subsection (t).  In this ground he faults his attorney for failing "to ask either witness, Larry Hubbard or Terry Minor, was officer Word directly behind Mr. Johnson when Johnson went behind the building after petitioner

Johnson asked counsel to do so." Johnson's attorney covered this subject matter with both of these witnesses. A fair reading of the testimony from both witnesses is that Word was not immediately behind Johnson. There is neither deficient conduct in this regard, nor any prejudice to Johnson. This claim should be denied.

## GROUP THREE-THE DIRECT APPEAL

Johnson also has two complaints about the handling of his appeal. Effective assistance of counsel does not require that every arguable issue be urged on appeal *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ]. Nothing in the Constitution or our interpretation of that document requires such a standard." 463 U.S. at 754, 103 S.Ct. at 3314.

### 1. Motion for Continuance-Ground n

In this ground Johnson faults his attorney for failing to argue the failure of the trial judge to grant the motion for a continuance. Failing to raise this issue is not deficient conduct on the part of the attorney, nor does there appear to be any reasonable likelihood that the result of the appeal would have been different if the issue had been included. The decision to grant or deny a continuance of a trial rests in the discretion of the trial judge. It can only be reversed if the decision amounts to an abuse of discretion and resulted in a manifest injustice. *Johnson v. State,* 926 So.2d 246, 251 (¶ 15) (Miss.Ct.App. 2005) (citing *Shelton v. State,* 853 So.2d 1171, 1181 ¶ 35 (Miss. 2003)). Given the standards for review on this issue, Johnson's counsel's decision to omit this issue is a strategic

decision that cannot be reviewed.  As there appears to be virtually no chance that this ground would

have been successful if argued, Johnson cannot show that its omission prejudiced him.

Johnson complains in (o) that his attorney failed "to file a timely motion for Reconsideration

by calendaring the due date for the Motion for Consideration in the wrong month."  While this was

no doubt an error on the part of counsel this claims fails for two reasons.  Johnson's right to counsel

ended with the conclusion of his direct appeal and the opinion of the Mississippi Court of Appeals.

*Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 l.Ed.2d 811 (1963).  He had no right to be

represented by counsel past that point.  *Champluvier v. Riley*, 2008 WL 2507 (N.D. Miss. April 18,

2008).  Additionally Johnson fails to offer any proof that the motion for reconsideration would have

been likely to succeed given the failure of the initial appeal.  There is no showing of prejudice.

### 2.  Improper Prosecution Argument-Ground r

Ground (r) states in full as follows:

> r) Failed to assert adequate claims in direct appeal where counsel only argued
> that the prosecution made a comment in its closing argument to the jury stating:
> a.  You know that didn't happen.  I know that didn't happen.  The police
> officers know it didn't.  You know who else knows it didn't happen?  You know who
> else knows the police officers didn't make this story up?  That defendant there knows
> that it happened just the way(the State's witnesses) said it did.
> 1.  Caston v. State, 823 So.2d 473, 492 (Miss. 2002).
> 2.  Pulphs v. State, 782 So. 2d 1220, 1222 (Miss. 2001).
> 3.  Dunaway v. State, 551 So. 2d 162, 163 (Miss. 1989).
> 4.  Craft v. State, 226 Miss. 426, 84 So. 2d 531 (Miss. 1956).
> 5.  Johnson v State, 596 so. 2d 865 (Miss. 1992).

It is unclear what Johnson means to complain about in this ground.  Does he mean that other

grounds should have been raised in addition to the failure to grant a mistrial due to improper

argument?  Does he mean to argue that this assignment of error was improperly and inadequately

argued?  He has failed to suggest any other compelling grounds for appeal or point out any thing

wrong with the argument made by his attorney. In either event, Johnson has shown neither inadequacy in his lawyer's performance or prejudice. His attorney capably argued that the comment was improper, prejudicial and merited a new trial. He cannot be faulted merely because the appellate court failed to reverse the conviction, nor was he obliged to argue any other ground in support of the appeal.

Having found that Johnson has established any grounds for relief, the undersigned recommends that the petition be denied and dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of September, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE